# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**LERVON CAMPBELL**
      **Petitioner-defendant,**

  v.                                   **Case No. 16-C-449**
                                        **(Criminal Case No. 09-CR-78)**

**UNITED STATES OF AMERICA**
      **Respondent-plaintiff.**

---

### **RULE 4 ORDER**

Petitioner Lervon Campbell moves to vacate his sentence pursuant to 28 U.S.C. § 2255. Section 2255 permits a federal prisoner to attack his sentence on the "ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a).

Relief under § 2255 is available "only in extraordinary situations, such as an error of constitutional or jurisdictional magnitude or where a fundamental defect has occurred which results in a complete miscarriage of justice." Blake v. United States, 723 F.3d 870, 878-79 (7th Cir. 2013). A 2255 motion is neither a recapitulation of nor a substitute for a direct appeal; issues raised on direct appeal may not be reconsidered on a § 2255 motion absent changed circumstances. Varela v. United States, 481 F.3d 932, 935 (7th Cir. 2007). Claims omitted from the direct appeal are barred unless the prisoner can show cause and prejudice for the default. See, e.g., Gant v. United States, 627 F.3d 677, 683 (7th Cir. 2010).

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, the district

court must promptly examine a § 2255 motion. If plainly appears the movant is not entitled to relief, the judge must dismiss the motion. If the motion is not dismissed, the judge must order the government to file a response.

**I.**

Petitioner pleaded guilty to unlawful possession of a firearm as a felon. 18 U.S.C. § 922(g)(1). The parties agreed that, based on petitioner's three prior burglary convictions, he qualified for an enhanced sentence under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), and I sentenced him to 180 months' imprisonment, the minimum term required by the ACCA, running concurrently with the remainder of a state sentence. Petitioner appealed, and the Seventh Circuit remanded so I could determine whether to adjust the sentence to account for time served on the undischarged state sentence. United States v. Campbell, 617 F.3d 958 (7th Cir. 2010).

On remand,[1] I granted petitioner's request to make the sentences fully concurrent, adjusting his sentence downward to account for the time he already had served in state prison. Petitioner appealed again, but his counsel moved to withdraw under Anders v. California, 386 U.S. 738 (1967). The court of appeals invited petitioner to comment on counsel's submission, but he did not respond. United States v. Campbell, 422 Fed. Appx. 545, 546 (7th Cir. 2011). The only issue counsel considered raising was whether petitioner could challenge my determination, at the initial sentencing, that petitioner qualified for an enhanced sentence under

---

[1] After remand but before re-sentencing, petitioner filed a motion attacking his sentence under 28 U.S.C. § 2255. At the re-sentencing hearing, petitioner indicated he did not want to pursue that motion, and with his agreement I dismissed it. Because I dismissed that motion prior to receiving a response from the government and without reaching the merits, I will not treat the instant motion as second or successive. See Garrett v. United States, 178 F.3d 940 (7th Cir. 1999).

2

the ACCA. Id. Counsel considered whether petitioner could argue that the ACCA did not apply because his three qualifying burglary convictions did not involve illegal entries of a "dwelling," as required under the sentencing guidelines. Id. The court of appeals found this argument not only frivolous but also waived because in his plea agreement petitioner stipulated that he qualified as an armed career criminal for having three qualifying burglary convictions. Id. The court further concluded that the law-of-the-case doctrine would preclude petitioner from challenging the ACCA penalty for the first time in a successive appeal. Id. Finally, the court concluded that even if petitioner could raise the argument it would fail because burglary under the ACCA includes breaking into structures not limited to residential dwellings. Id. The court accordingly granted counsel's motion to withdraw and dismissed the appeal. Id.

**II.**

In the instant motion, petitioner asserts:

Ineffective counsel. Burglary is not a crime of violence. Drugs are not a crime of violence. I should have been careered by a jury, unconstitutional.
. . .
There was error in my sentencing, plus unconstitutional.
My [predicate] offenses should have been applied by a jury. Selling drug[s] is not a crime [of] violence. Burglary is not a crime of violence.

(Motion at 6-7, Ground One.)

As indicated above, petitioner could have challenged the ACCA determination on his initial appeal, but he failed to do so. To the extent that he blames his lawyers for the default, he cannot show deficient performance or prejudice. Burglary is one of the enumerated predicate offenses under 18 U.S.C. § 924(e)(2)(B)(ii), petitioner stipulated that he had three such convictions, and he does not contend otherwise now. Prior convictions need not be put to a jury before they can be used to enhance a sentence. See, e.g., United States v. Shields,

3

789 F.3d 733, 741-42 (7th Cir. 2015); United States v. Nigg, 667 F.3d 929, 935-36 (7th Cir. 2012).[2]

**III.**

**THEREFORE, IT IS ORDERED** that petitioner's § 2255 motion (R. 1) is **DENIED**, and this case is **DISMISSED**. The Clerk is directed to enter judgment accordingly.

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, the district court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a § 2255 petitioner. In order to obtain a COA, the petitioner must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 484 (2000). For the reasons stated above, petitioner cannot make such a showing, so I decline to issue a COA.

Petitioner also filed a motion for leave to proceed in forma pauperis, but § 2255 motions carry no filing fee. **IT IS ORDERED** that this motion (R. 2) is **DENIED AS MOOT.**

Dated at Milwaukee, Wisconsin, this 21st day of April, 2016.

/s Lynn Adelman
LYNN ADELMAN
District Judge

---

[2] Petitioner states, under "Ground Two" on the § 2255 form: "Plus my lawyer past away. No one never contacted me about my direct appeal." (Motion at 7.) He provides no supporting facts. As discussed in the text, petitioner's lawyers filed direct appeals of both his original sentence and the sentence on remand. The court of appeals gave him a chance to respond to counsel's Anders brief on the second appeal, but he did not. Petitioner makes no claim that counsel should have raised better issues on either appeal. Therefore, to the extent that this constitutes a second claim for relief, it lacks merit.

4